# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### MAY SESSION, 1998

FILED

June 11, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9709-CC-00359 |
| | ) | |
| Appellee, | ) | FAYETTE COUNTY |
| | ) | |
| V. | ) | |
| | ) | HON. JOHN KERRY BLACKWOOD, |
| | ) | JUDGE |
| WILLIE J. WADE, | ) | |
| | ) | (POSSESSION OF SCHEDULE II |
| Appellant. | ) | DRUG WITH INTENT TO SELL) |

FOR THE APPELLANT:       FOR THE APPELLEE:

**HAROLD D. ARCHIBALD**
Falls Building, Suite 790
22 North Front Street
Memphis, TN 38103

**JOHN KNOX WALKUP**
Attorney General & Reporter

**ELIZABETH T. RYAN**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

**ELIZABETH T. RICE**
District Attorney General
302 Market Street
Somerville, TN 38068

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Willie Wade, appeals as of right his conviction of possession of cocaine with the intent to deliver following a jury trial in the Fayette County Criminal Court. The trial court sentenced Defendant as a Range I Standard Offender to twelve (12) years in the Department of Correction and fined him a total of $20,000. In this appeal, Defendant argues that the evidence was insufficient to sustain a guilty verdict beyond a reasonable doubt. We affirm the judgment of the trial court.

On November 29, 1996, Captain Arthur Williamson of the Somerville Police Department was on routine patrol in Somerville. Captain Williamson was looking for Defendant to talk to him about a certain matter when about 12:00 p.m. he saw Defendant stopped at a stop sign in his vehicle. Captain Williamson pulled up behind Defendant's vehicle and turned on his siren and blue lights. Defendant did not stop and instead sped up and pulled away from Captain Williamson. However, Defendant soon stopped his car in an apartment complex. Captain Williamson pulled up next to Defendant and they both got out of their cars. The Captain asked Defendant "what was the hurry and why he sped away." Defendant told him that "he just didn't want to know what the problem was, he didn't want to go to jail." Captain Williamson then told Defendant that he needed to speak with him, but Defendant pulled away from Williamson, who had been holding Defendant by the back of his jacket, and ran off into the apartment complex.

Captain Williamson called for back-up and then started running after Defendant. When he finally caught up with Defendant, he placed Defendant under

arrest and frisked him for weapons. As Williamson was escorting Defendant back to the patrol car, Investigator Kevin Crawford arrived on the scene. Crawford then frisked Defendant again before placing him in the patrol car and found a plastic baggie containing a white powder substance in Defendant's coat pocket. Crawford also seized $337.44 from Defendant. The denominations of the bills were as follows: nine $20 bills, one $10 bill, twenty-seven $5 bills and twelve $1 bills. Before Defendant left the scene, his mother arrived, and in response to a question asked by his mother, Defendant stated, "they got the powder off of me."

Kay Sheriff, a forensic scientist with the Tennessee Bureau of Investigation analyzed the substance brought to the lab by Investigator Crawford. The white powder tested positive for cocaine and weighed 2.2 grams. Based on his undercover work both buying and selling drugs, Investigator Crawford testified that the estimated street value of the substance Defendant had in his possession at the time of his arrest was approximately $300. He also said that "the $20 denomination is the normal currency used in the drug trade." Captain Williamson testified that he had known Defendant for most of his life and that he had never known Defendant to have any gainful employment.

I. Sufficiency of the Evidence

When an accused challenges the sufficiency of the convicting evidence, the standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). This standard is applicable to findings of guilt predicated upon direct evidence,

circumstantial evidence or a combination of direct and circumstantial evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). On appeal, the State is entitled to the strongest legitimate view of the evidence and all inferences therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Williams, 914 S.W.2d 940, 945 (Tenn. Crim. App. 1995) (citing State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982)); State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App.), perm. to appeal denied, id. (Tenn. 1987). Nor may this court reweigh or reevaluate the evidence. Cabbage, 571 S.W.2d at 835. A jury verdict approved by the trial judge accredits the State's witnesses and resolves all conflicts in favor of the State. Grace, 493 S.W.2d at 476.

Defendant argues that the evidence was insufficient to convict him of possession of cocaine with intent to deliver. Tennessee Code Annotated section 39-17-417(a)(4) provides that it is an offense to "[p]ossess a controlled substance with intent to manufacture, deliver or sell such controlled substance." The statute also provides that where the substance is cocaine in an amount equal to or greater than 0.5 grams, the offense is a Class B felony." Tenn. Code Ann. § 39-17-417(c)(1). Defendant was charged with and convicted of the possession of more than 0.5

grams of cocaine with the intent to deliver. The lab report revealed that the actual amount of cocaine found in Defendant's possession was 2.2 grams.

Tennessee law allows a jury to infer from the amount of a controlled substance or substances possessed by an offender, along with other relevant facts surrounding the arrest, that the controlled substance or substances were possessed for the purpose of selling or otherwise dispensing the drug. Tenn. Code Ann. § 39-17-419. In State v. Larry G. Hart, C.C.A. No. 02C01-9406-CC-00111, Hardin County (Tenn. Crim. App., Jackson, June 28, 1995) (no Rule 11 application filed), the defendant had only one gram of cocaine in his possession, but when that fact was viewed in light of all the circumstances, this Court found that amount to be sufficient to sustain a guilty verdict. Furthermore, this Court has held that the possession of a beeper and $239.00 in cash, though not criminal offenses in and of themselves, when coupled with the possession of 1.1 gram of cocaine, was sufficient evidence for the jury to conclude that a defendant was guilty of possession of cocaine with the intent to deliver. See State v. Ronald Mitchell, C.C.A. No. 02C01-9702-CC-00070, Lauderdale County (Tenn. Crim. App., Jackson, Sept. 15, 1997) (Rule 11 application denied April 27, 1998). In the instant case, the proof in the record establishes that Defendant had 2.2 grams of cocaine in his possession and that he tried to flee from the police twice. That 2.2 grams of cocaine was estimated by Investigator Crawford to be worth about $300 in street value. The record also reveals the uncontradicted testimony of Investigator Crawford that the $20 denomination is the normal currency used in the drug trade. Defendant had nine $20 bills in his possession at the time of his arrest. The evidence also shows the large total amount of $337.44 in cash that Defendant had on his person when he was arrested. Finally, there was Captain Williamson's testimony that he did not know of Defendant ever having any gainful

employment. All of the foregoing facts lend credence to the jury's verdict, and we therefore conclude that a rational basis existed for the jury's conclusion that Defendant possessed the cocaine with the intent to deliver.

Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
PAUL G. SUMMERS, Judge